```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


JOY WHYLIE,
        Plaintiff,
                                          PRISONER
     v.                         CASE NO:  3:12cv1318 (AWT)

MAUREEN BAIRD, ET AL.
        Defendants.
```

### INITIAL REVIEW ORDER

Plaintiff Joy Whylie, currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), has filed a civil action against Warden Maureen Baird and Unit Manager Richard Shamro pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens").  Both defendants are employees of FCI Danbury.

The plaintiff alleges that on October 7, 2011 Unit Manager Shamro submitted a request that she be placed on telephone restriction due to the fact that the nature of her crime demonstrated a propensity to abuse telephone privileges.  On October 13, 2011, Warden Baird determined that the plaintiff should be assigned the Public Safety Factor ("PSF") for serious telephone abuse and authorized the placement of the plaintiff on a telephone restriction.  Warden Baird indicated that she would review the restriction in one month.

On November 21, 2011, Unit Manager Shamro submitted another request that the plaintiff be placed on telephone restriction due

to the fact that the nature of her crime demonstrated a propensity to abuse telephone privileges.  On November 28, 2011, Warden Baird approved the placement of the plaintiff on a telephone restriction to protect the safety and security of inmates, staff and the public.  On December 27, 2011, Warden Baird again approved the placement of the plaintiff on a telephone restriction for safety and security reasons.  The plaintiff alleges that she has not been permitted her one telephone call per month as required by 28 C.F.R. § 540.100(b).  In addition, the plaintiff claims that Warden Baird did not review the PSF telephone restriction within six months of December 27, 2011, as required by Federal Bureau of Prisons Program Statement 5264.08, Section 13.

   The plaintiff claims that the actions of Warden Baird and Unit Manager Shamro in restricting her telephone use have violated her Due Process rights as well as 18 U.S.C. § 4042 and Bureau of Prisons telephone regulations/policies.  In early January 2012, the plaintiff filed a claim under the FTCA with the Federal Bureau of Prisons Northeast Regional Office claiming that the telephone restrictions had caused her emotional distress.  On May 7, 2012, the United States Department of Justice Federal Bureau of Prisons Northeast Regional Office denied her claim.

   Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that the defendants violated her Due Process rights when they failed to permit her to make one telephone call per month and also failed to review the telephone restriction within six months of November 28, 2011. In *Bivens*, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights. Thus, a *Bivens* action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983. *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust her administrative remedies before bringing an action with respect to prison conditions. The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, *see Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002), regardless of whether the inmate may obtain the specific relief she desires through the administrative process. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies equally to *Bivens* claims. *See Williams v. Metropolitan Detention Center*, 418 F. Supp. 2d 96 (E.D.N.Y. 2005). The statute clearly states that inmates must exhaust all available administrative remedies before filing suit. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001). Thus, any attempt to exhaust administrative remedies after the case was filed is ineffective to satisfy the

exhaustion requirement.

The available administrative remedies for a *Bivens* claim consist of a four-step process set forth in the Bureau of Prisons' Administrative Remedy Program.  *See* 28 C.F.R. § 542.  The four-step process is as follows: (1) the inmate must attempt informal resolution with prison staff; (2) the inmate must submit a formal written "Administrative Remedy Request" to the Warden within twenty days of the incident giving rise to her claim; (3) the inmate must appeal an adverse decision from the Warden to the appropriate Regional Director within twenty days from the denial of the formal request; and (4) the inmate must appeal the Regional Director's adverse decision to the Bureau of Prisons General Counsel's office within thirty days.  *See* 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a).

The complaint filed by the plaintiff is not dated, but was received originally on August 24, 2012, and officially filed on September 12, 2012.  On October 31, 2012, the court issued an Order directing the plaintiff to explain why the *Bivens* claims should not be dismissed for failure to exhaust administrative remedies.  On November 7, 2012, in response to the court's Order, the plaintiff filed a notice with attached evidence of exhaustion of her administrative remedies pursuant to the Bureau of Prisons' Administrative Remedy Program.  (*See* Doc. No. 8.)

The court notes, however, that the plaintiff has not exhausted

the claims she raises in her complaint. The contention that she had not been permitted to make one call a month pursuant to 28 C.F.R. § 540.100(b) was not raised by the plaintiff until she filed her appeal with the Regional Director at the Bureau of Prisons, Northeast Regional Office. The Regional Director noted this fact and directed the plaintiff to address the issue at the institutional level before seeking relief on appeal. In addition, the petitioner's claim that the PSF restriction was not reviewed by Warden Baird within six months of December 2011 was not raised in the plaintiff's informal requests or subsequent administrative appeals. Accordingly, the plaintiff has not exhausted her available administrative remedies as to her *Bivens* claims prior to filing this action. The *Bivens* claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

With regard to the plaintiff's claim under the FTCA, the plaintiff alleges that the defendants' refusal to permit her to use the telephone to call her family subjected her to emotional distress. The FTCA "waives the sovereign immunity of the federal government for claims based on the negligence of its employees." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000). Specifically, the FTCA authorizes suits against the United States to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

> office or employment, under circumstances where
> the United States, if a private person, would
> be liable to the claimant in accordance with
> the law of the place where the act or omission
> occurred.

28 U.S.C. § 1346(b)(2).  The United States is the only proper party in a suit seeking monetary damages for torts committed by federal employees.  *See* 28 U.S.C. 2674; *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (stating that an action under the FTCA "must be brought against the United States rather than an agency thereof"); *C.P. Chem. Co., Inc. v. United States*, 810 F.2d 34, 37 n. 1 (2d. Cir. 1987) ("[O]nly the United States may be held liable for torts committed by a federal agency, and not the agency itself.")  The caption of the complaint does not include the United States as a defendant.  Because the plaintiff does not name the United States as a party to this action, the court does not have jurisdiction to decide the claim under the FTCA.  Accordingly, the complaint is dismissed as to the FTCA claim against the defendants.

## ORDERS

In accordance with the foregoing, the court enters the following orders:

(1) The *Bivens* claims against defendants Baird and Shamro are dismissed without prejudice for failure to exhaust administrative remedies.  *See* to 28 U.S.C. § 1915A(b)(1).  The FTCA claim is dismissed against defendants Baird and Shamro for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1915A(b)(1).  If the

plaintiff chooses to appeal this decision, she may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

If the plaintiff wishes to pursue her FTCA claim, the court will permit her thirty days to file an amended complaint naming the United States as the only defendant.  If no amended complaint has been filed within the time specified, the Clerk is directed to enter judgment for the defendants and close this case.

It is so ordered.

Dated this 26th day of December 2012, at Hartford, Connecticut.

                                                                                     /s/AWT
                                                                Alvin W. Thompson
                                                   United States District Judge